NO.
12-10-00325-CR

                        

IN THE COURT OF
APPEALS 

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

MICHAEL
DWAYNE BUTLER,                      §                 APPEAL FROM THE THIRD

APPELLANT

 

V.                                                                         §                 JUDICIAL
DISTRICT COURT

 

THE STATE OF TEXAS,

APPELLEE                                                        §                 ANDERSON
COUNTY, TEXAS

                                                        
                                           

MEMORANDUM OPINION

PER CURIAM

            Michael
Butler appeals his conviction for felony driving while intoxicated (DWI). 
Appellant’s counsel has filed a brief asserting compliance with Anders v.
California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and Gainous
v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969).  We dismiss the
appeal.  

 

Background

On March
6, 2005, Appellant was arrested for felony DWI.  Appellant was charged by
information after formally waiving indictment by a grand jury.  In the
information, the State alleged that Appellant had two prior DWI convictions,
one in 1999 and the other in 2002.  Appellant and the State entered into a
negotiated plea agreement.  As part of the agreement, he waived his right to a
jury trial, pleaded guilty, and was sentenced to ten years of imprisonment,
probated for a ten year community supervision period. 

In July
2006, the State filed a motion to revoke Appellant’s community supervision for
several alleged violations.  Instead of revoking his community supervision, in
January 2007, the trial court modified the terms to require, in part, that
Appellant attend more intensive and more frequent substance abuse treatment
programs and serve sixty days in the county jail. 

After his
release from the county jail, Appellant was arrested for his fourth DWI in
Montgomery County, Texas, on September 8, 2007.  He pleaded guilty and was
sentenced by the 221st District Court in Montgomery County to three years of
imprisonment on October 26, 2007.  He served approximately one year, was
paroled, and then committed theft.

The State
then filed its “First Amended Motion to Revoke Community Supervision” in 2009
and a second amended motion on March 30, 2010.  In its second amended motion,
the State asserted that Appellant committed fourteen different violations of
his community supervision conditions.  Appellant pleaded “true” to all the
allegations. 

At a
hearing on August 16, 2010, based on Appellant’s plea of true, the trial court
revoked Appellant’s community supervision and sentenced him to ten years of
imprisonment after a punishment hearing.  In both the Montgomery County
judgment and the trial court’s judgment in the instant case, the trial courts
ordered that Appellant’s sentence run “concurrently.”  Even though neither
judgment referred specifically to the other, the trial court in the instant
case ordered that Appellant receive full credit for the time he served in
prison on the Montgomery County offense. 

 

Analysis
Pursuant to Anders v. California

Appellant’s
counsel has filed a brief in compliance with Anders and Gainous. 
Counsel states that he has diligently reviewed the appellate record and that he
is well acquainted with the facts of this case.  In compliance with Anders,
Gainous, and High v. State, 573 S.W.2d 807 (Tex.
Crim. App. 1978), counsel=s brief presents a thorough
chronological summary of the procedural history of the case and further states
that counsel is unable to present any arguable issues for appeal.[1]  See Anders, 386 U.S. at 745, 87 S. Ct. at
1400; see also Penson v. Ohio, 488 U.S. 75, 80, 109 S. Ct. 346,
350, 102 L. Ed. 2d 300 (1988).  

We
have considered counsel’s brief and have conducted our own independent review
of the record. We found no reversible error.  See Bledsoe v. State,
178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

Conclusion

As
required, Appellant’s counsel has moved for leave to withdraw.  See In re
Schulman, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig.
proceeding); Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim.
App. 1991).  We are in agreement with Appellant’s counsel that the appeal is
wholly frivolous.  Accordingly, his motion for leave to withdraw is hereby granted,
and we dismiss this appeal.  See In re Schulman,
252 S.W.3d at 408-09 (“After the completion of these four steps, the court of
appeals will either agree that the appeal is wholly frivolous, grant the
attorney=s motion to withdraw, and dismiss
the appeal, or it will determine that there may be plausible grounds for appeal.”).

Counsel
has a duty to, within five days of the date of this opinion, send a copy of the
opinion and judgment to Appellant and advise him of his right to file a
petition for discretionary review. See Tex.
R. App. P. 48.4; In re Schulman, 252 S.W.3d at 411 n.35. 
Should Appellant wish to seek further review of this case by the Texas Court of
Criminal Appeals, he must either retain an attorney to file a petition for
discretionary review or he must file a pro se petition for discretionary
review. See In re Schulman, 252 S.W.3d at 408 n.22.  Any petition
for discretionary review must be filed within thirty days from the date of
either this opinion or the last timely motion for rehearing that was overruled
by this court.  See Tex. R. App.
P. 68.2.  Any petition for discretionary review must be filed with this
court, after which it will be forwarded to the Texas Court of Criminal Appeals
along with the rest of the filings in this case.  See Tex. R. App. P. 68.3.  Any petition for
discretionary review should comply with the requirements of Rule 68.4 of the
Texas Rules of Appellate Procedure.  See Tex. R. App. P. 68.4; In re Schulman, 252
S.W.3d at 408 n.22.

Opinion delivered July 13, 2011.

Panel consisted
of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)









[1] Counsel
for Appellant certified that he provided Appellant with a copy of his brief and
informed Appellant that he had the right to file his own brief. Appellant was
given time to file his own brief, but the time for filing such a brief has
expired and we have received no pro se brief.